UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FARIBORZ DERAKHSHANI, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CASE NO. 4:18-CV-553 |
| ANDREW SAUL, Commissioner of the Social Security Administration, | § § § § | |
| *Defendant*.[1] | § § | |

# **MEMORANDUM AND ORDER**

Plaintiff seeks judicial review of a final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits. The parties consented to have this Court conduct all proceeding in this matter pursuant to 28 U.S.C. § 636(c), ECF No. 6, and filed cross-motions for summary judgment, ECF Nos. 8 and 13. Having reviewed the motions, the record, and the applicable law, the Court GRANTS Plaintiff's motion, DENIES Defendant's motion, VACATES the Commissioner's decision, and REMANDS this matter to the agency for further proceedings.

---

[1] This suit was originally filed against Nancy A. Berryhill, the then-Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Andrew Saul has been automatically substituted as Defendant.

1

## I. BACKGROUND

Plaintiff is a 62 ½ year old man. ECF No. 1 at 1. He worked as a taxi driver for fifteen years until the onset of his disability. R.196. In 2011, he was laid off because his physical condition prevented him from being able to do his job. R.195-96.

On January 31, 2012, Plaintiff applied for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, seeking benefits based on various physical conditions, but did not include any mental impairments in his application. R.195.[2] Defendant denied Plaintiff's application initially and upon reconsideration. R.13. Pursuant to Plaintiff's request, a hearing was subsequently held before an Administrative Law Judge on July 10, 2014. *Id.* At the hearing, Plaintiff was represented by a non-attorney representative. *Id.* Plaintiff and a vocational expert testified at the hearing. *Id.* On August 27, 2014, the ALJ issued a written decision concluding that Plaintiff was not disabled under the Act. R.13–21.[3]

---

[2] The relevant time period is September 15, 2011, Plaintiff's alleged onset date, through August 27, 2014, the date of the ALJ's opinion. Ordinarily, the end date would be December 31, 2015, Plaintiff's last insured date, however, Plaintiff was successful on a new application and he was found disabled from August 28, 2014 forward. ECF No. 8 at 4.

[3] At step two, the ALJ concluded that Plaintiff has the following severe impairments: osteoarthritis, coronary artery disease, chronic obstructive pulmonary disorder, major depressive disorder, and post-traumatic stress disorder. R.13–21. At step three, the ALJ concluded that Plaintiff did not meet one of the listings. *Id.* At the RFC assessment stage, the ALJ found that Plaintiff has the residual functional capacity to perform medium work with certain limitations.

Plaintiff requested that the Appeals Council review the ALJ's decision. The Appeals Council denied that request, R.1-4, after which Plaintiff commenced this action. Plaintiff asserts only one point of error: that the ALJ failed to consider all of the evidence. ECF No. 1.

## II.     LEGAL STANDARD

"Judicial review of the Commissioner's decision to deny benefits 'is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards are applied.'" *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). "Substantial evidence" means "that quantum of relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). It is "something more than a scintilla but less than a preponderance." *Id.* A reviewing court may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute its judgment for that of the Commissioner, even if the evidence preponderates against the Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id.* (internal quotation marks and citation omitted). The "substantial evidence" standard is not a rubber stamp for the

---

R.17. At step four, the ALJ concluded that Plaintiff is capable of performing past relevant work as a cab driver. R.20. At step five, the ALJ concluded that Plaintiff was not disabled. *Id.*

Commissioner's decision; it involves more than a search for evidence supporting the Commissioner's findings. *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985); *Singletary v. Brown*, 798 F.2d 818, 822–223 (5th Cir. 1986). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever in the record fairly detracts from its weight. *Id.* A court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014). As the parties here seek disposition by means of summary judgment, the Court applies Federal Rule of Civil Procedure 56, which states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### III. ANALYSIS OF PLAINTIFF'S CHALLENGES TO THE ALJ'S DECISION

Plaintiff argues the ALJ failed to consider all the evidence. Specifically, Plaintiff asserts that (1) the ALJ erroneously categorized Dr. Sajadi as a non-treating psychiatrist; and (2) the ALJ failed to properly consider the evidence relating to Plaintiff's mental health conditions. ECF No. 8 at 5-10.[4]

---

[4] Plaintiff also complains that the ALJ mischaracterized the circumstances of Plaintiff's wife's and daughter's deaths. ECF No. 8 at 11. The Court agrees with the Commissioner on this point that it creates no reversible error where the ALJ in fact recognized the event and found Plaintiff suffered from severe PTSD. *See* ECF No. 13 at 9 (citing R.15).

## A. The ALJ's Opinion Is Not Support By Substantial Evidence.

In assessing Plaintiff's RFC, the ALJ wrote:

> In July 2014, a nontreating psychiatrist, Cyrus Sajadi, M.D., stated the claimant exhibited severe anxiety and depression, was tearful and restless, and opined he is unable to function properly in day to day activities (Exhibit 16F/3). GAF was 55. The undersigned affords his opinion little weight because it is inconsistent with the record as a whole (Exhibit 16F).

R.20.

Prior to the July 2014 hearing before the ALJ, Plaintiff visited Dr. Sajadi, a board-certified psychiatrist, on three occasions for treatment and examination. R.286 (noting visits on January 20, 2014; May 20, 2014; and July 9, 2014). In a letter dated July 9, 2014, Dr. Sajadi wrote that he met with Plaintiff on January 20, 2014 "to do a psychiatric/psychological evaluation." R.433. Dr. Sajadi recounted that Plaintiff "exhibited severe anxiety and depression" and "was tearful, restless and concerned about his welfare and the welfare of his family." *Id.* Noting that Plaintiff was born and raised in Iran and left that country due to religious persecution, Dr. Sajadi stated that Plaintiff:

> experienced multiple traumas while he was in Iran participating in the Iran-Iraq war. He received multiple gunshot wounds and injuries from which he recovered. Subsequently, during his escape from Iran he ended up in the Kurdish region of Northern Iraq and unfortunately witnessed the death of his beloved wife and daughter by Iranian snipers during the escape attempt.

5

R.434. Based on his evaluation of Plaintiff, Dr. Sajadi wrote that Plaintiff suffered from "Major Depressive Disorder, Passive Suicidal Idealizations, nightmares and inability to function properly in day to day activities." *Id.* Dr. Sajadi further noted that on his follow-up evaluation on February 25, 2014, Plaintiff "was put on Viibryd and responded fairly well to the antidepressant, along with Neurontin for a total of 1500 mg a day and PRN intake of Xanax." *Id.* Dr. Sajadi concluded that Plaintiff's "final diagnoses" are:

> AXIS I: Adjustment Disorder with anxiety and depression. Post-Traumatic Stress Disorder, acute and chronic.
> AXIS II: Deferred
> AXIS III: Status post multiple gunshot wounds, traumatic injuries of war
> Status post total knee replacement
> AXIS IV: Very severe
> AXIS V: 55/55

*Id.*

### 1. The ALJ erred in characterizing Dr. Sajadi as a non-treating psychiatrist.

The ALJ's characterization of Dr. Sajadi as a non-treating psychiatrist lacks substantial evidence to support it. It is well established that "[t]he opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). The applicable regulations provide that a "treating source" is a claimant's "own acceptable medical source who provides [the claimant], or has provided [the claimant], with medical treatment or evaluation

and who has, or has had, an ongoing treatment relationship with [the claimant]." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). The regulations further state that the Commissioner "will consider that [a claimant] ha[s] an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that [the claimant] see[s], or ha[s] seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the claimant's] medical condition(s)." *Id.* The Commissioner "may consider an acceptable medical source who has treated or evaluated [the claimant] only a few times or only after long intervals (e.g., twice a year) to be [the claimant's] treating source if the nature and frequency of the treatment or evaluation is typical for [the claimant's] condition(s)." *Id.*

The ALJ failed to explain why he concluded that Dr. Sajadi was a non-treating psychiatrist. The record contained Dr. Sajadi's July 9, 2014 letter with his opinion, R.432-34, a list of visits over the first half of 2014 that Plaintiff had with Dr. Sajadi, R.286, and Dr. Sajadi's prescriptions that Plaintiff took as treatment for his depression and PTSD, R.282-84. The ALJ stated that "[w]hile there are treatment summaries in the record from February and June 2014, the substance of the visits is not included in the record (Exhibits 15F, 16F)." R.19. Exhibit 15F, however, is an after-visit summary from a physician who treated Plaintiff for knee and wrist pain, not for his mental health issues. R.426. Even if that physician had

7

also treated Plaintiff for mental health issues, "[t]he opinion of a specialist generally is accorded greater weight than that of a non-specialist." *Newton*, 209 F.3d at 455 (quoting *Paul v. Shalala,* 29 F.3d 208, 211 (5th Cir. 1994)). Finally, if the ALJ believed that there was insufficient evidence in the record to assess the nature of Dr. Sajadi's relationship with Plaintiff, the proper course was not to assume that Dr. Sajadi was a non-treating psychiatrist, it was to endeavor to fully develop the record by requesting further details from Plaintiff or other sources. *See Cummins v. Berryhill*, No. 4:17-CV-1309, 2019 WL 1407490, at *3 (S.D. Tex. Mar. 28, 2019) ("The ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits. When he fails in that duty, he does not have before him sufficient facts on which to make an informed decision, and consequently, his decision is not supported by substantial evidence." (internal citations and brackets omitted)). In fact, since Plaintiff was not represented by an attorney at the hearing, the ALJ had a heightened duty in this respect. *Id.* Because there is not substantial evidence to support the ALJ's conclusion that Dr. Sajadi was a non-treating doctor and consequently failed to give proper weight to a treating expert's opinion, the case must be reversed and remanded. *Newton,* 209 F.3d at 458.

### 2. The ALJ's finding that Dr. Sajadi's opinion was not consistent with the record is not supported by substantial evidence.

The ALJ's found that Dr. Sajadi's opinion regarding Plaintiff's ability to function in day-to-day activities was "inconsistent with the record as a whole," but failed to cite any evidence in the record that contradicts that opinion. The ALJ's only citation was to "Exhibit 16F," which is Dr. Sajadi's July 9, 2014 letter. Nor has the Court's independent examination of the record revealed any inconsistencies with Dr. Sajadi's opinion. The Commissioner argues that the record evidence supports the ALJ's decision and cites to myriad medical records. ECF No. 13 at 6-8. While there are records of other medical visits that Plaintiff had during the period in question, those records involve treatment of Plaintiff's various physical impairments, not his mental health impairments.[5] Even if the notes include references to his mental status, the opinion of a specialist is entitled to greater weight than a generalist. *Newton*, 209 F.3d at 455. Just as an ALJ cannot pick-and-choose record evidence that supports a particular outcome, *Christian v. Berryhill*, No. 4:15-CV-3714, 2017 WL 1134152, at *9 (S.D. Tex. Mar. 27, 2017), the ALJ here cannot discount evidence supporting Plaintiff's disability claim without pointing to *any* evidence supporting a contrary conclusion.

---

[5] The Commissioner cites to Plaintiff's medical records that contain some notes on mental status. *See, e.g.,* R.323-25 (8/20/12 consultative internal medicine examination included mental status notes); R. 331-34 (1/24/13 medical record regarding visit for shoulder pain included notes on neurologic and neuropsychiatric notes); R.337-39 (10/12/12/ wellness checkup contained neurologic notes).

This is not a situation where the ALJ was presented with competing expert opinions. *See Newton*, 209 F.3d at 458 ("This is not a case where there is competing first-hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another. Nor is this a case where the ALJ weighs the treating physician's opinion on disability against the medical opinion of other physicians who have treated or examined the claimant and have specific medical bases for a contrary opinion." (citations omitted)). Rather, the ALJ disregarded Dr. Sajadi's opinion first by erroneously discounting its weight based on a mischaracterization of Dr. Sajadi as a non-treating psychiatrist, and second by relying on medical records that predated the time period during which Dr. Sajadi treated Plaintiff. That treatment happened in the 6 months prior to the hearing and thus Dr. Sajadi's assessment was likely more indicative of Plaintiff's mental condition than older assessments. *See Christian*, 2017 WL 1134152, at *11 ("The ALJ provided no rationale for apparently giving more weight to the earlier assessments than to the later ones, which were made by a treating physician who was more familiar with Plaintiff and who had assessed Plaintiff's condition as 'progressively worsening.'").[6]

---

[6] Although the records of Dr. Sajadi's treatment of Plaintiff do not state that Plaintiff's condition was worsening over time, the ALJ should have developed that issue further. Depression and PTSD often flare up intermittently. Indeed, the fact that he sought out treatment from Dr. Sajadi in early 2014 indicates that his depression and PTSD had become more severe.

The Commissioner further contends that the ALJ's decision is supported by evidence in the record that "despite traumatic events that occurred in Iran in 2000, Plaintiff successfully worked in the United States for many years thereafter," and that "Plaintiff remarried in August 2010." ECF No. 13 at 7. Neither of these points contradicts Dr. Sajadi's opinion of Plaintiff's mental health. Moreover, the ALJ did not base his decision on this evidence. *See Copeland*, 771 F.3d at 923 (a reviewing court "may affirm only on the grounds that the Commissioner stated for [the] decision").

The Commissioner also argues that "Plaintiff did not even list a mental impairment as a basis to support his disability applications." ECF No. 13 at 7. But the ALJ himself found, at step two, that Plaintiff's major depressive disorder and post-traumatic stress disorder each qualified as a "severe impairment." R.15. This is not a case where a claimant seeks judicial review based upon a contention that was never urged before the Commissioner and which the Commissioner never had reason to consider. Thus, the Court concludes that the ALJ's finding is not supported by substantial evidence.

Because of these errors in the ALJ's decision, this matter must be remanded to the agency.

## IV. CONCLUSION

For the reasons stated above, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is GRANTED insofar as it seeks remand of this matter to the Commissioner;

2. Defendant's motion for summary judgment is DENIED;

3. The Commissioner's decision denying Plaintiff's application for disability insurance benefits is VACATED;

4. This matter is REMANDED to the Commissioner; and

5. The Commissioner is INSTRUCTED to conduct a *de novo* hearing and issue a new decision consistent with this opinion.

Signed on March 25, 2020, at Houston, Texas.

*Dena Palermo*

_____

**Dena Hanovice Palermo**
**United States Magistrate Judge**